### RADER v. NORTHRUP–WILLIAMS CO.

(Circuit Court of Appeals, Fourth Circuit. November 4, 1920.)

No. 1814.

1. Sales ⬥117—Delay of shipments of installments held to entitle buyer to rescind.

In contracts between merchants, time is of the essence as to the delivery of specified installments as well as to delivery of the total amount, so that where the seller, who had agreed to deliver barrel staves in equal proportions during six months, failed without excuse to make any deliveries during the first three months, the buyer was entitled to rescind.

2. Sales ⬥172—Seller, not ready to ship, cannot rely on failure to get permits.

A seller, who had not manufactured any of the goods during the first three of the six months in which they were to be delivered, cannot defeat the buyer's right to rescind for the delay in delivery by claiming that it could not ship the goods until the buyer obtained a permit from the Director General of Railroads.

3. Sales ⬥150(1)—Seller held required to notify buyer of necessity for shipping permits.

Where the contract for the sale of barrel staves delivered in monthly installments was accompanied by the buyer's letter requesting immediate notice of difficulty in getting cars loaded or forwarded, and the buyer thereafter again requested the seller to give notice of delay in securing cars or making shipments, it was the seller's duty to notify the buyer to procure permits for the shipments from the Director General of Railroads, if such permits were found to be necessary.

In Error to the District Court of the United States for the Southern District of West Virginia, at Charleston; Charles A. Woods, Judge.

Action by Ott Rader against the Northrup-Williams Company. Judgment for defendant, and plaintiff brings error. Affirmed.

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

L. H. Kelly, W. E. Hines, Van B. Hall, and B. P. Hall, all of Sutton, W. Va., for plaintiff in error.

Haymond & Fox, of Sutton, W. Va., for defendant in error.

Before KNAPP, Circuit Judge, and SMITH and WATKINS, District Judges.

KNAPP, Circuit Judge. Rader, plaintiff in error, a citizen of West Virginia, sued the Northrup-Williams Company, a New York corporation, for breach of contract. The defense set up at the trial under plea of non assumpsit, was that plaintiff had failed to perform the contract on his part. This defense prevailed, a verdict for defendant was directed, and plaintiff brings the case here on writ of error.

The contract in form is a letter from defendant to plaintiff, dated September 19, 1918, confirming the purchase from the latter of 200,-000 barrel staves at $80 per thousand, to be delivered f. o. b. at Little Otter, W. Va., "shipment in equal proportion between October 1, 1918, and April 1, 1919." In the letter transmitting the confirmation and requesting plaintiff to sign and return the duplicate, which he did, defendant writes:

"If you have any difficulty in getting cars for loading, or in getting the cars forwarded after you have them ready, please wire us, and we will handle the matter immediately."

With this letter were sent two orders or shipping directions, each for a carload of staves, to be shipped "as soon as possible"; and in each of these orders defendant says: "Advise promptly if you are experiencing trouble in securing empty cars to load our shipments." And on September 27th, acknowledging receipt of the signed duplicate, defendant again says: "Kindly advise when you will be ready to commence shipment." On October 23d plaintiff writes, "I am cutting timber on two different tracts on your contract," and goes on to solicit another contract for "three to eight hundred thousand staves at the same price," to be delivered in nine months. On December 30th, no staves having been shipped by plaintiff and nothing further heard from him in relation thereto, defendant canceled the contract by letter of that date. In the meantime the market price of staves had materially declined, and such decline continued for several months thereafter. Some correspondence followed the cancellation, and in July, 1919, this suit was brought.

[1] It seems not doubtful that time was of the essence of the contract in question. In this respect the facts here admitted are less favorable to plaintiff than those considered in Norrington v. Wright, 115 U. S. 188, in which the Supreme Court says, at page 203, 6 Sup. Ct. 12, 14 (29 L. Ed. 366):

"In the contracts of merchants, time is of the essence. The time of shipment is the usual and convenient means of fixing the probable time of arrival, with a view of providing funds to pay for the goods, or of fulfilling contracts with third persons. A statement descriptive of the subject-matter, or of some material incident, such as the time and place of shipment, is ordinarily to be regarded as a warranty, in the sense in which that term is used in insurance

and maritime law, that is to say, a condition precedent, upon the failure or nonperformance of which the party aggrieved may repudiate the whole contract."

And particularly applicable to the case in hand is the further statement (115 U. S. 204, 6 Sup. Ct. 15, 29 L. Ed. 366):

"The seller is bound to deliver the quantity stipulated, and has no right either to compel the buyer to accept a less quantity, or to require him to select part out of a greater quantity; and when the goods are to be shipped in certain proportions monthly, the seller's failure to ship the required quantity in the first month gives the buyer the same right to rescind the whole contract that he would have had if it had been agreed that all the goods should be delivered at once."

Plaintiff undertook to ship the 200,000 staves "in equal proportion" during the six months named; that is to say, approximately 33,000 each month, beginning in October. This he wholly failed to do, and when three months or more had passed without the shipment of any staves, and without a word of excuse for the delay, defendant had the undoubted right to rescind the contract. Its agreement to purchase was conditioned upon monthly deliveries as promised, and plaintiff's disregard of that promise operated to relieve defendant from obligation. Upon this branch of the case nothing further needs be said.

[2] But plaintiff alleges, and this appears to be his main reliance, that during the entire contract period the railroads of the country were under government control; that such commodities as staves could not be shipped without permits from the Director General of Railroads or issued by his authority; that such permits could be obtained only by the parties to whom shipments were to be made; that it was defendant's duty to procure the necessary permits; and that it was impossible for him to ship the staves until permits therefor were furnished.

Answers to this contention are not far to seek. In the first place, there is no proof that such a requirement was in force at the times when plaintiff should have made shipments of "equal proportion" in the three months following the date of the contract. The testimony indicates, though in a rather indefinite way, that sometimes permits had to be obtained, while at other times shipments were made without them. It does appear, however, that permits, when necessary, were furnished only to those who were actually ready to ship, and plaintiff was never in that position. In point of fact he did not begin the manufacture of staves for this contract until some time in January. During the preceding months there were plenty of staves in the local market which he could have bought, and enough were offered him to make the agreed deliveries, but he declined to purchase even the two carloads for which defendant had sent shipping directions in September. In short, at no time in the next three months was he prepared to load a car, or had any staves on hand, and it is idle to say that he was prevented from filling his contract by defendant's failure to furnish him with permits.

[3] In the second place, if plaintiff had been prepared to make shipments as promised, and any difficulty had arisen about getting cars or permits, it would have been his duty to give the defendant

prompt notice. This duty was put upon him by the nature of the case, as well as by explicit instructions in the letter transmitting the contract and in the orders sent therewith for the shipment of two carloads of staves. And failure to notify defendant, in the circumstances assumed, would have been an obvious breach of contract obligation. But admittedly plaintiff never asked for an empty car, or made any inquiry as to whether permits were necessary, or called upon defendant for any aid he might have needed in that regard, and for the simple reason that he never had any staves to ship.

On the undisputed facts of record plaintiff is without legal excuse for failing to perform the contract on his part, and the trial court was clearly right in directing a verdict for defendant.

Affirmed.